**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LISA A. HAMILTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00785** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Magistrate Judge that recommends the Court deny Lisa Hamilton's motion for judgment upon the administrative record be denied. (Doc. No. 16). Hamilton filed objections to the R&R (Doc. No. 17), to which the Commissioner of the Social Security Administration ("Commissioner") responded (Doc. Nos. 19, 21). For the following reasons, Hamilton's objections will be overruled, and the R&R will be approved and adopted.

## I. Background

Hamilton filed an application for disability and disability insurance benefits ("DIB") under Title II of the Social Security Act on November 5, 2018. (Doc. No. 9 at 15).[1] Her claim was denied. (Id. at 129, 135–36). Hamilton then had a hearing before an Administrative Law Judge ("ALJ"), who also denied her claim. (Id. at 12, 15). The Appeals Council denied Hamilton's request for review. (Id. at 1). Hamilton appealed to this Court pursuant to 42 U.S.C. § 405(g). (Id. at 901–05). The Court remanded the case for further proceedings because the ALJ erred by insufficiently articulating his reasoning regarding the persuasiveness of medical opinion evidence.

[1] Citations to the Administrative Record (Doc. No. 9) reference the Bates-stamped numbers in large black print in the bottom right corner of each page.

The Appeals Council assigned this case to a different ALJ on remand. (Id. at 934–36). The ALJ held a hearing and then denied Hamilton's claim. (Id. at 821–31). The ALJ concluded that Hamilton's statements about the intensity, persistence, and limiting effects of her medically determinable impairments were inconsistent with medical and other record evidence. (Id. at 826). The ALJ also determined that the findings of Dr. Ok Yung Chung and Dr. Kanika Chaudhuri, the state agency medical consultants, were persuasive because they were supported by objective medical findings and consistent with the overall record. (Id. at 828). In contrast, the ALJ found that the opinions of consulting physician Dr. Roy Johnson and Hamilton's primary care physician, Dr. Roger E. McKinney, were not as persuasive. (Id. at 829). The Appeals Council declined to assume jurisdiction upon Hamilton's request for review of the ALJ's decision, making it the Commissioner's final decision. (Id. at 812). Hamilton then appealed to this Court under 42 U.S.C. § 405(g) and filed a motion for judgment on the record. (Doc. Nos. 1, 11).

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The district court judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2).

"The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)). When objections are not properly raised, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y

of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." Id.

## III. **Hamilton's Objections**

Hamilton objects to the R&R on two grounds: (1) the record does not support the Magistrate's finding that the ALJ applied the correct legal standard in analyzing the medical opinion evidence, and (2) the Magistrate Judge erred in finding that the ALJ properly considered Hamilton's statements about her own limitations. (Doc. No. 17 at 2, 5). Hamilton fails to make specific objections to the Magistrate Judge's well-reasoned opinion. She admits as much, saying that she alleged "two general categories of errors" in her objections to the R&R. (Doc. No. 17 at 1–2). Additionally, Hamilton merely reargues the same issues to the Court as she did the Magistrate Judge. Specifically, Hamilton raised before the Magistrate Judge two issues: (1) "The ALJ failed to adequately weigh and consider the Opinion Evidence," and (2) "The ALJ improperly discounted the Plaintiff's credibility."(See Doc. No. 12 at 11, 16). "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004).

Even if Hamilton's objections were properly raised, they fail because she does not show that the Magistrate Judge misapplied the law or misconstrued the record. As the Magistrate Judge explained, judicial review of an ALJ's decision regarding whether a claimant has a disability "is 'limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence.'" (Doc. No. 16 at 4). In doing so, the Magistrate Judge properly observed that he does not try the "case de novo, resolve conflicts in evidence or decide questions of credibility." (Doc. No. 16 at 5). The same is true for this Court.

First, the Magistrate Judge cited and applied well-settled law that the ALJ must consider

the medical opinion evidence in light of all the other record evidence. Then the ALJ must explain the reasoning for his or her opinion. (Doc. No. 16 at 7–8). Applying the analytical framework required under 20 C.F.R. § 404.15.206 (a) – (c), the Magistrate Judge reviewed the ALJ's consideration of all four witnesses who offered medical opinions, Dr. Roy Johnson, Dr. Roger McKinney, Dr. Ok Yung Chong, and Dr. Kanika Chaudhuri.

Hamilton appears to take issue with the Magistrate Judge's conclusion that "the ALJ provided a sufficient explanation of the supportability and consistency of Dr. Johnson's opinion and the other evidence in the record contradicted, or at least weakened, Dr. Johnson's opinion, which rendered the opinion less persuasive to the ALJ." (Doc. No. 16 at 11). The Magistrate Judge's conclusion is supported by specific discussion of the ALJ's opinion, the supportability and consistency, or lack thereof and/or conflicting evidence. (Doc. No. 9-11). The Court disagrees with Hamilton that the Magistrate Judge had to "guess what the ALJ might have been thinking" regarding Dr. Johnson. The Court finds that the Magistrate Judge's conclusion on Dr. Johnson are supported by the record.

The same is true on Hamilton's attack of the Magistrate Judge's evaluation of Dr. McKinney. The Magistrate Judge engaged in detail consideration of the ALJ's evaluation of Dr. McKinney's opinion. The Magistrate Judge did so even though "Dr. McKinney's December 2016 opinion was provided over a year before Plaintiff's alleged onset date of Marh 2018." (Doc. No. 16 at 11). As such, the overall value of Dr. McKinney's opinion is low.

Hamilton's criticism of the Magistrate Judge's evaluation of Dr. Chung and Dr. Chaudhuri, simply ignore the Magistrate's analysis of both. The Magistrate Judge specifically found that ALJ "provided a thorough discussion of Plaintiff's medical records" of the two opinions that "included a discussion of Plaintiff's lab results, blood pressure, gait and squatting ability, bac pain, visual acuity, hearing [and] depression." (Doc. No. 16 at 13). There is no basis to distrust the Magistrate Judge's conclusions.

Finally, the Magistrate Judge thoroughly reviewed the ALJ's credibility findings and in doing so correctly cited and applied the legal standards. Plaintiff's testimony was both consistent and inconsistent with other objective medical evidence. The Magistrate Judge concluded there was substantial evidence for the ALJ's findings. Again, the Court notes the Magistrate Judge's careful and detail analysis of the factual record.

For the foregoing reasons, Hamilton's objections are **OVERRULED.** The Magistrate Judge's R&R (Doc. No 16) is **APPROVED AND ADOPTED** and the Motion for Judgment Upon the Administrative Record (Doc. No. 11) is **DENIED**. The Commissioner's decision is **AFFIRMED**. The Clerk shall close the file.

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE